UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO: 0** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE: 18 Hunnewell Lane, Woolwich, ME 04579 |
| **Norma Ann Kilkenny and Eric John Roupe** | Mortgage: June 5, 2008 Book 2990, Page 145 Sagadahoc County Registry of Deeds |
| **Defendants** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Norma Ann Kilkenny and Eric John Roupe, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which, Norma M. Scopino, was the obligor and the total amount owed under the terms of the Note is One Hundred Eleven Thousand One Hundred Eighty-Eight and 32/100 ($111,188.32) Dollars, plus attorney fees and costs

associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a Federally-Chartered Corporation with its principal place of business located at 1100 15th Street NW, Washington, DC 20005 and therefore for diversity purposes is, by statute, a resident of the District of Columbia. The Defendant, Norma Ann Kilkenny, is a resident of Westerville, County of Delaware and State of Ohio.

5. The Defendant, Eric John Roupe, is a resident of Woolwich, County of Sagadahoc and State of Maine.

## FACTS

6. On December 10, 1999, by virtue of a Warranty Deed from Geneva A Roupe, which is recorded in the Sagadahoc County Registry of Deeds in **Book 01740, Page 238**, the property situated at 18 Hunnewell Lane, City/Town of Woolwich, County of Sagadahoc, and State of Maine, was conveyed to Norma M Scopino, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On June 5, 2008, Norma M. Scopino, executed and delivered to Keybank National Association a certain Note under seal in the amount of $124,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on June 5, 2008, Norma M. Scopino, executed a Mortgage Deed in

favor of Mortgage Electronic Registration Systems, Inc., as nominee for Keybank National Association, securing the property located at 18 Hunnewell Lane, Woolwich, ME 04579 which Mortgage Deed is recorded in the Sagadahoc County Registry of Deeds in **Book 2990**, **Page 145**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. On July 1, 2015, by virtue of a Deed of Distribution from Geneva D Kilkenny duly appointed and acting Personal Representative of the Estate of Norma Scopino, which is recorded in the Sagadahoc County Registry of Deeds in **Book 2015R, Page 492,** the property situated at 18 Hunnewell Lane, City/Town of Woolwich, County of Sagadahoc, and State of Maine, was conveyed to Eric John Roupe and Norma Ann Kilkenny and they hold any and all rights to the subject property previously held by Norma M. Scopino but have no personal liability in this matter.

10. Upon information and belief, Norma M. Scopino died on February 26, 2013.

11. On March 21, 2013, Genevea D. Kilkenny was appointed Personal Representative of the Estate of Norma M. Scopino in the Sagadahoc County Probate Court, Docket No. 2013-47.

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated July 11, 2019, and recorded in the Sagadahoc County Registry of Deeds in **Book 2019R**, **Page 05181**. *See* Exhibit D (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The Mortgage was further assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated October 10, 2019, and recorded in the Sagadahoc County Registry of Deeds in **Book 2019R**, **Page 07159**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. Although Notice is not required under 14 M.R.S.A. § 6111 since the original debtor is deceased, on September 29, 2022, Geneva D Kilkenny Personal Representative of the Estate

of Norma M. Scopino Care of Eric John Roupe, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certified Mail Tracking Number (herein after referred to as the "Demand Letter") pursuant to the Note and/or Mortgage. *See* Exhibit F (a true and correct copy of the Demand Letter and the certificate of mailing, is attached hereto and incorporated herein).

15. The Demand Letter informed Geneva D. Kilkenny, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

16. Neither the Personal representative nor the heirs, cured the default prior to the expiration of the Demand Letter.

17. Upon information and belief, Geneva Kilkenny died on November 9, 2022 after having conveyed any interest she had to the Defendants.

18. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, Federal National Mortgage Association, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

21. The total debt owed under the Note and Mortgage as of September 27, 2023, is One Hundred Eleven Thousand One Hundred Eighty-Eight and 32/100 ($111,188.32) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $98,010.50 |
| Interest | $23,282.07 |
| Unpaid Late Charges | $431.09 |
| Escrow Advance | $10,721.66 |
| Lender Paid Expenses | $1,743.00 |
| Grand Total | $134,188.32 |

22. Upon information and belief, the Defendants, Norma Ann Kilkenny and Eric John Roupe, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 18 Hunnewell Lane, Woolwich, County of Sagadahoc, and State of Maine. *See* Exhibit A.

25. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property. *See Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).

26. The Plaintiff, Federal National Mortgage Association, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

27. Norma Ann Kilkenny and Eric John Roupe, are presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2020, and all subsequent

payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note but have no personal liability in this matter.

28. The total debt owed under the Note and Mortgage as of September 27, 2023, is One Hundred Thirty-Four Thousand One Hundred Eighty-Eight and 32/100 ($134,188.32) Dollars.

29. The record established through the Sagadahoc County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant, Norma M. Scopino's, breach of condition, the Plaintiff hereby demands for foreclosure and sale of said real estate.

31. Although Notice is not required under 14 M.R.S.A. § 6111, Geneva D Kilkenny Personal Representative of the Estate of Norma M. Scopino Care of Eric John Roupe was sent a Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to Geneva D. Kilkenny, as aforesaid, on September 29, 2022, evidenced by the Certified Mail Tracking Number. *See* Exhibit F.

32. The Defendants, Norma Ann Kilkenny and Eric John Roupe, are not in the Military as evidenced by the attached Exhibit G.

33. If the Defendants have/has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendants, Norma Ann Kilkenny and Eric John Roupe, are in breach of the Mortgage by failing to make payment due as of March 1, 2020, and all subsequent payments (however, neither Defendant has any personal liability);

d) Ascertain the priority and amounts owed of any junior lienholders that may appear in this action;

e) Ascertain the amount due, including principal, interest, reasonable attorney's fees and court costs;

f) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: October 10, 2023

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com